{¶ 46} I concur in all but the majority's treatment of the second assignment of error dealing with the imposition of the maximum sentence. I would vacate the sentence and remand for resentencing consistent with the mandate of R.C. 2929.19(B)(2)(d) and State v. Edmonson (1999),86 Ohio St.3d 324. Although the trial court stated that "this is the worst form of aggravated burglary, aggravated robbery and kidnapping," the only reason the court stated was that it happened during daylight, between 4:00 and 5:00 p.m. (Tr. 1466). The court failed to state sufficient reasons to justify imposition of the maximum sentence, although I find the record contains more than enough evidence to support such a sentence. The majority infers that the trial court made an obvious reference to Barrow's "manhandling the nine-months pregnant victim." The court failed, however, to mention the victim or her condition as a reason for the maximum sentence. In fact, when sentencing Barrow's codefendant, Lavelle Moore, at the same hearing, the court stated "the pregnancy is neither here nor there." (Tr. 1468). The victim's condition and the dangerous manner in which she was restrained are valid reasons to impose the maximum sentence, but the trial court fell short of providing adequate reasons. Therefore, I respectfully dissent.